28 So.3d 515 (2009)
STATE of Louisiana in the Interest of L.A.
Nos. 2009-CA-1029, 2009-CA-1030.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 2009.
*516 Leon A. Cannizzaro, Jr., District Attorney, Alyson Graugnard, Assistant District Attorney, New Orleans, LA, for State of Louisiana.
Ilona Prieto Picou, Juvenile Regional Services, New Orleans, LA, for L.A. and M.C.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE, Judge DAVID S. GORBATY).
PER CURIAM.
In each of these two juvenile delinquency cases,[1] the same juvenile court judge dismissed the State's case against a juvenile who had allegedly been found incompetent to proceed in another section of juvenile court. In dismissing the cases, the judge relied on the finding of another section of juvenile court that the juvenile was presently incompetent to proceed. The judge also relied on the fact the other section was continuing to supervise the juvenile. A juvenile's incapacity to proceed is not good cause for dismissal absent compliance with the procedures outlined in the Louisiana Children's Code for determining capacity to proceed. See La. Ch.C. arts. 832-838. Nor is the pendency of another juvenile proceeding in which the juvenile is being supervised good cause for dismissal. The juvenile court judge thus abused its discretion in dismissing these cases. Therefore, we reverse and remand for further proceedings.

JUVENILE COMPETENCY STATUS
Although the juvenile court judge relied on La. Ch.C. art. 876 in dismissing these cases, we find the governing provisions in these cases are the Children Code articles providing the procedure for determining capacity to proceed, La. Ch.C. arts. 832-838, which provide:
 Article 832 provides that a juvenile's mental incapacity to proceed is raised by filing a written motion. Article 832 *517 further provides that upon the filing of such a motion the delinquency proceeding is stayed and no further steps can be taken until the juvenile is determined to have the mental capacity to proceed.
 The filing of such a motion raising the juvenile's capacity to proceed triggers the juvenile court to order a mental examination under La. Ch.C. art. 833, which provides such an exam shall be ordered "at any time when the court has reasonable ground to doubt the child's mental capacity to proceed."
 Within seven days after the mental exam is ordered, the juvenile court is required to appoint a sanity commission; the sanity commission is then required to report to the court within thirty days on the juvenile's mental status. La. Ch.C. art. 834. The order appointing the sanity commission is required to set forth the time and date of the contradictory hearing at which the juvenile's capacity to proceed will be determined pursuant to La. Ch.C. art. 836.
 At that contradictory hearing, the report of the sanity commission is admissible, the members of the commission may be called as witnesses, and other evidence may be presented.[2]
 Following the mandatory contradictory hearing, if the juvenile court determines the juvenile presently lacks the capacity to proceed, then the available special dispositions are enumerated in La. Ch.C. art. 837 B and include: "Dismiss the petition in accordance with Article 876." La. Ch.C. art. 837 B(1).
Absent compliance with the above statutory procedures for determining competence to proceed, the special disposition option set forth in La. Ch.C. art. 837(1) of dismissing the petition under La. Ch.C. art. 876 is unavailable.

State in the Interest of L.A.
L.A. was charged with one count of second degree battery, pursuant to La. R.S. 14:34.1, and entered a plea of not guilty. L.A.'s case was continued due to an allegedly pending competency determination in another matter. Several months after L.A.'s plea of not guilty, the juvenile court judge noted that L.A. was deemed incompetent in the other pending matter. Following another section of juvenile court's determination of incompetency, the judge stated, at a competency status hearing, that L.A.'s competency was not yet determined. However, at the next competency status hearing, the juvenile court judge stated that competency in this case had "not been re-established." Further, the juvenile court judge dismissed the case, pursuant to La. Ch.C. art. 876, because it was in the "best interest of judicial economy and in the best interest of the juvenile that he be supervised under one case." The State's appeal followed.
*518 The juvenile court judge did not order a mental examination or convene a sanity commission. Instead, the juvenile court judge relied solely upon the alleged incompetency determination in another section of juvenile court. The judge dismissed L.A.'s case pursuant to La. Ch.C. art. 876 on the following grounds:
[T]he Court finds it to be in the best interest of the judicial economy and the best interest of the child that he be supervised under one case in the custody of D.H.H. as opposed to under multiple cases in the custody of D.H.H. Competency has not be [sic] re-established as of yet. The Court is going to allow him to remain with the lowest numbered case, which is 2008-346-01-DQ-E. This case is closed.
. . . .
The Court dismisses this matter under Article 876. Note State's objection. As the Court has previously stated the Court finds it to be in the best interest of the juvenile and the best interest of the judicial economy not to supervise this juvenile on competency status between multiple Sections of Court for the same issue. It's not in the best interest or economically feasible for D.H.H. to appear multiple times with multiple employees in multiple Sections of Court for the same issue of competency. And it's not in the best interest of OJJ to supervise this juvenile on multiple cases for the same issue of competency.
Once a juvenile's competency becomes an issue, the law mandates the filing of a delinquency petition and states that the "mental capacity of the child to proceed shall be determined by the court after a contradictory hearing." La. Ch.C. art. 832 and 836. Dismissal pursuant to La. Ch.C. art. 876 is available after the contradictory hearing wherein the juvenile court judge "determines by a preponderance of the evidence that the child lacks the mental capacity to proceed." La. Ch.C. art. 837. Therefore, we find that the juvenile court judge improperly dismissed L.A.'s case because the juvenile court judge did not comply with the statutorily enumerated procedures.

State in the Interest of M.C.
The State petitioned in juvenile court to have M.C. adjudicated a delinquent for violating La. R.S. 40:966(A), possession with the intent to distribute marijuana. The juvenile court judge held the pre-trial hearing at which M.C. entered a not guilty plea.
The juvenile court judge held a status hearing in this matter at which M.C.'s counsel raised the issue of M.C.'s competency. The judge noted that competency also has been raised in another section of juvenile court (Section F). The judge further noted that it would adopt the recommendation of the evaluation that was provided to the initial section. The judge thus vacated the trial date and set the matter for a competency status hearing. M.C.'s counsel also filed a written Motion to Raise Competency alleging that M.C. had been unable to assist defense counsel in preparing a defense and that he was "in special education classes at school and receives social security for his mild to moderate mental handicap."
M.C. was evaluated by three court-appointed medical experts: Dr. Rafael Salcedo, a forensic psychologist; Dr. Daliah Bauer, a clinical psychologist; and Dr. Sarah DeLand, a psychiatrist.[3] All three mental health professionals submitted *519 written reports. According to the experts' reports, M.C. was in custody at the time of these evaluations and was facing two charges: possession with intent to distribute marijuana (this case) and armed robbery (the Section F case). The experts in their reports opined as follows:
 Dr. Salcedo found that it possible that M.C. "may be irrestorably incompetent as a result of his significant cognitive limitations."
 Dr. DeLand recommended that M.C. be placed again in active psychiatric treatment as his untreated Attention Deficit Hyperactivity Disorder put him at risk. She opined that M.C. is able to understand the proceedings and is able to assist his attorney.
 Dr. Bauer found that M.C. met the diagnosis of Learning Disability with a Rule Out diagnosis of Mild Mental Retardation. She found that M.C. has a limited ability to understand his available defense and that he may benefit from a few legal rights education sessions to help him in developing a greater understanding of his legal rights.
The juvenile court held the scheduled competency status hearing. At the hearing, the juvenile court reviewed the experts' reports and stated for the record that "Section F has determined that the juvenile is not competent and incapable of assisting his attorney in preparation for the case. The juvenile is being held as to the Section F matter." The juvenile court judge then set the matter for another competency status hearing. At the hearing, the juvenile court dismissed M.C.'s case pursuant to La. Ch.C. art. 876 on the following grounds:
The Court believes it to be in the best interest of the juvenile and the best interest of judicial economy. The report has been issued stating that competency is un-restorable. The juvenile is in the custody of D.H.H. [Department of Health and Human Resources]. In the event that the juvenile is ultimately restorable, he will be adjudicated under the lowered number case [the Section F case].
The juvenile court orally enumerated the following reasons for its decision: M.C.'s competence was non-restorable, M.C. was being supervised by another section of juvenile court, judicial economy, impact on other agency resources (D.H.H. and Office of Juvenile Justice), and the best interest of the child.
In the present matter, the juvenile court responded to the motion raising M.C.'s capacity to proceed by adopting the recommendations of the mental health experts appointed in the other sectionsSection F and the continued custody section. The juvenile court thus never ordered its own mental examination or sanity commission. Nor did the juvenile court hold a contradictory hearing; rather, the juvenile court held two competency status hearings. Given the juvenile court's failure to follow the statutorily enumerated procedures for determining M.C.'s capacity to proceed, we find the special disposition option provided by Article 837 B(1) of dismissing the case did not apply. Accordingly, we find the juvenile court lacked good cause to dismiss the State's case against M.C.

DECREE
For the forgoing reasons, the judgments of the juvenile court are reversed, and these matters are remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Because these two cases present essentially the same issue, this Court consolidated them on our own motion for purposes of deciding these appeals.
[2] Because La. Ch.C. art. 836 provides that "[t]he issue of the mental capacity of the child to proceed shall be determined by the court after a contradictory hearing," a contradictory hearing is mandatory. In the Children's Code, the meaning of the word "may" is permissive and "shall" is mandatory. La. Ch.C. art. 107. In State in the Interest of C.P., 06-0889 (La.App. 4 Cir. 2/07/09), 952 So.2d 758, we did not hold that the juvenile court's ability to review the expert's reports obviates the need for a contradictory hearing. In that case, the issue was whether La. Ch.C. art. 837 mandates that the members of the sanity commission be called as witnesses at the contradictory hearing. The state in that case contended that because the two members of the sanity commission were not present at the hearing it was not a contradictory hearing as mandated by La. Ch.C. art. 836. Rejecting that argument, we reasoned that the plain language of La. Ch.C. art. 837 indicates that the members of the commission "may" testify at the hearing.
[3] The juvenile court in this case did not appoint its own experts; rather, it opted to adopt the recommendations of the experts appointed by the other juvenile court sectionsSection F and the continued custody section.