MICHAEL E. KIRBY, Judge.
|, The State of Louisiana appeals the judgment of the Orleans Parish Juvenile Court, dismissing the State’s petition against S.D. because he was not timely adjudicated. Because we find the record adequately demonstrates the State established good cause for the continuances within the applicable prescriptive period, we reverse and remand.

STATEMENT OF FACTS AND PROCEDURAL HISTORY:

The delinquency petition charged S.D. with one count of possession of a firearm and narcotics in violation of La. R.S. 14:95(E). A continued custody hearing was held that date. The Juvenile Court found no probable cause for the arrest, and S.D. was released into the custody of his parents.
On March B, 2009, S.D. appeared in court and denied the charges. An adjudication hearing was set for April 20, 2009.
On April 20, 2009, S.D. appeared for trial. The State requested that the matter be continued for “good cause” asserting that the State had been unable to obtain the crime lab report from the police department. The continuance was granted, and the adjudication hearing was re-scheduled for May 19, 2009.
|2On May 19, 2009, S.D. appeared for trial. The State requested another continuance for “good cause” since the arresting police officer was recovering from two broken legs. The defense objected. The continuance was granted, and the matter was re-scheduled for June 30, 2009.
On June 3, 2009, S.D. filed a motion to dismiss the petition for failure to timely prosecute. When the matter came before the trial court, the motion to dismiss the petition for failure to timely prosecute was granted.

DISCUSSION:

S.D.’s motion to dismiss is premised on the State’s failure to timely prosecute pursuant to La. Ch.C. art. 877:
A. If the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
D. For good cause, the court may extend such period.
In the present case, because S.D. was not continued in custody, the State had ninety days from the appearance to answer the petition to bring the matter to trial pursuant to La. Ch.C. art. 877(B). Applying the formula set forth in La. Ch.C. art. 114, S.D.’s adjudication hearing should have commenced by June 1, 2009.
The Louisiana Supreme Court held in State, in Interest of R.D.C., Jr., 93-1865, p. 5 (La.2/28/94), 632 So.2d 745, 749, that the time period set forth in La. |3Ch.C. art. 877 is mandatory and that “it is incumbent on the state to make a showing of good cause and obtain an extension before the period has run.” The Court further noted that in considering what constitutes good cause, the judge should be mindful of those situations or causes beyond the control of the state that may impinge on its ability to prepare for a hearing.
*1162 La. Ch.C. art. 876 provides, in pertinent part, that “[f]or good cause, the court may dismiss a petition on its own motion, on the motion of the child, or on motion of the petitioner.” What constitutes good cause, i.e., a legally sufficient reason, for dismissal of a juvenile delinquency matter must be determined on a case-by-case basis and must be fully supported by the record. State ex rel. S.R., 2008-0785 p. 4 (La.App. 4 Cir. 10/8/08), 995 So.2d 63, 66. The Juvenile Court is vested with broad discretion in determining whether a case should be dismissed for good cause. State ex rel R.G., 2006-1625, p. 3 (La.App. 4 Cir. 7/18/07), 963 So.2d 475, 477.
The transcript from the April 20, 2009 hearing reflects that the State specifically asked that the matter be continued for good cause on the basis that the State had been unable to obtain the crime lab report from the police department. Upon this assertion, the continuance was granted.
The transcript from the May 19, 2009 hearing reflects that the State asked that the matter be continued for good cause in light of the arresting officer being out with two broken legs. Without questioning the State on the issue, the trial court granted the continuance and set the matter for hearing beyond the ninety day time period.
Lin both instances, the State’s continuances were requested for good cause and granted within the statutory time period. It is abundantly clear that the State established that there was just cause, as the delay was beyond its control.
The transcript of the hearing on the motion to dismiss reveals that the trial judge conceded that the State made a good cause showing in the requests for continuances, yet granted the dismissal because, as the trial judge stated, he “didn’t make a good cause finding.” (Emphasis added).
As previously stated, it is incumbent on the State to make a showing of good cause to obtain an extension pursuant to La. Ch.C. art. 877. State, in Interest of RDC, 93-1865, at p. 5, 632 So.2d at 748. Here, the record clearly reflects that good cause was demonstrated by the State, and the continuances were duly granted. That the trial court failed to render a specific “finding” of good cause does not negate this circumstance and does not present a legally sufficient reason for the dismissal of the petition. In sum, a good cause showing was made, and the continuance granted on that showing constitutes an implicit finding of good cause. As such, it was error for the trial court to grant S.D.’s motion to dismiss.

CONCLUSION:

For these reasons, we reverse the judgment of the trial court, reinstate the petition, and remand the matter for further proceedings.
REVERSED AND REMANDED.