ROLAND L. BELSOME, Judge.
_JjIn this appeal, the State seeks review of the juvenile court’s judgment granting A.D.’s motion to dismiss for failure to timely prosecute. For the following reasons, we affirm.

*951
PROCEDURAL HISTORY

On January 20, 2011, A.D. was charged by petition filed in juvenile court with simple robbery, a violation of La. R.S. 14:65. A.D. appeared before the juvenile court on January 24, 2011, and answered the petition, denying the charged offense. Thereafter, A.D. filed a motion to produce unre-dacted documents. The juvenile court granted A.D.’s motion on February 17, 2011. At that time, the State orally notified the juvenile court of its intent to file a supervisory writ application. Also on February 17, 2011, the juvenile court issued a judgment staying all matters in the case “pending return on the writ.” On May 18, 2011, this Court granted the writ application filed by the State; however, it allowed the juvenile court to conduct an in camera inspection of the documents to determine whether any of the information qualified as Brady[1] material. The clerk of the juvenile court filed the writ disposition into the juvenile court record on May 19, 2011. The juvenile court noted receipt of this Court’s disposition on May 31, 2011.
|aOn June 7, 2011, the State filed a motion and order for stay of proceedings, pending disposition on an application for a writ of certiorari and prohibition filed with the Supreme Court. On June 7, 2011, the juvenile court granted the State’s motion and signed an order which provided that “[t]he proceedings in this matter are hereby stayed until such time as the Louisiana Supreme Court renders a decision on the State of Louisiana’s Writ of Certiorari application.”
On December 1, 2011, the juvenile court noted that the Supreme Court granted the State’s writ on November 28, 2011; then, it set a trial date of January 25, 2012. On January 20, 2012, A.D. filed a motion to dismiss the petition for failure to timely commence the adjudication hearing. On January 25, 2012, the juvenile court granted the motion to dismiss.
This timely appeal follows.

DISCUSSION

The sole issue before this Court is whether the juvenile court erred in granting the defendants’ motion to dismiss the petition on the grounds that the adjudication hearing was not commenced timely pursuant La. Ch.C. art. 877.[2]
The State asserts that the stay period was incorrectly computed, thus the 90-day time period had not expired when the juvenile court dismissed the petition on January 25, 2012.
A.D. maintains that 95 days had elapsed at the time the case was dismissed, thus the time period to commence adjudication had prescribed.
LBecause A.D. was not continued in custody, pursuant to La. Ch.C. art. 877 the State had ninety days from his appearance to answer the petition to bring the matter to trial. La. Ch.C. art. 877(C) sets forth the consequence for failure to ensure that the adjudication hearing is commenced timely. That Section provides that “[i]f the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.” The Louisiana *952 Supreme Court has interpreted La. Ch. C. art. 877(C) and instructed that the consequence of failing to timely commence an adjudication hearing, without any showing of good cause prior thereto, is mandatory dismissal of the petition. Good cause is not defined by statute. However, the Louisiana Supreme Court, in discussing good cause under La. Ch.C. art. 877(D) has stated “[t]he judge should be mindful of those situations where defense motions or causes beyond the control of the state may impinge on its ability to prepare for the hearing.” State in the Interest of R.D.C., 93-1865 (La.2/28/94), 632 So.2d 745, 749; see also State ex rel. S.D., 2009-1113, p. 3 (La.App. 4 Cir. 12/9/09), 28 So.3d 1160, 1161.
Waiting on appellate review is a delay beyond the State’s control which impinged on its ability to prepare for and commence the adjudication hearing. In recognizing this, the juvenile court twice stayed[3] the proceedings while the matter was under appellate review. Both A.D. and the State agree that the February 17 and June 7, 2011 stay orders, and resulting suspensions, provided a basis for a good cause extension. Here, the issue is whether the juvenile court correctly computed 14the time period by properly excluding the days in which the proceedings were suspended through stay orders.
The Children’s Code supplies a method for computing time periods as follows:
In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
La. Ch.C. art. 114(A). (Emphasis supplied.)
Considering the relevant dates, a total of twenty-four days elapsed between A.D.’s appearance to answer the petition and the issuance of the first stay. The first stay order provided that the matter was stayed “pending return on the writ.” This Court granted the writ application filed by the State on May 18, 2011. State of Louisiana in the Interest of AD., unpub., 2011-0300, p. 1 (La.App. 4 Cir. 5/18/11). The writ was returned to the juvenile court on May 19, 2011, as evidenced by the date stamped by the juvenile court clerk on the writ disposition. Thus, by the plain language of the first stay order, the time period to commence the adjudication began to run again on May 19, 2011. Upon motion by the State, the juvenile court entered a second stay order on June 7, 2011. Thus, computing from May 20, 2011, an additional nineteen days elapsed between the return on the writ and the order granting the second motion for a stay. The second stay order indicated that it would be in effect until the Supreme Court rendered a decision.[4]
*953 The Louisiana Supreme Court rendered its decision on November 23, 2011. From that date, the State had forty-seven days to commence the adjudication | .^proceeding. Calculating from November 24, 2011, the State had to commence an adjudication proceeding against A.D. on or before January 9, 2012. Because there was no adjudication proceeding against A.D. on or before January 9, 2012, the juvenile court did not err in granting AJD.’s motion to dismiss.

CONCLUSION

Accordingly, the judgment of the juvenile court granting AD.’s motion to dismiss is affirmed.
AFFIRMED

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. La. Ch.C. art. 877 states, in relevant part:
B.If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
D. For good cause, the court may extend such period.

. When an application for writs is sought, further proceedings may be stayed at the trial court’s discretion. Uniform Rules-Louisiana Courts of Appeal, Rule 4-4(A). Black’s Law Dictionary, Fifth Edition, defines “stay of proceedings” in pertinent part as ”[t]he temporary suspension of the regular order of proceedings in a cause, by direction or order of the court.” In addition, "stay order” is defined as "[a] stopping; the act of arresting a judicial proceeding by the order of a court or the temporary suspension of the regular order of proceedings in a cause by direction or order of the court.”

. The Supreme Court disposition on the application for a writ of certiorari does not appear in the record. Notably, the record contains a juvenile court judgment dated December 1, 2011, which provides that the Supreme Court issued a ruling on the application for a writ of certiorari on November 23, 2011. Both parties agree that the Supreme Court issued a ruling on November 23, 2011.