WICKER, J.,
dissenting.
|10For the following reasons, I respectfully dissent from the majority’s conclusion in this case. While I agree with the majority that La. Ch.C. art. 877(B) controls on this matter, it is my opinion that the record before us is insufficient to show that the juvenile court made an actual finding that good cause existed for the first two continuances of D.M.’s adjudication on the court’s own motion.
Here, following the answer hearing on March 9, 2012, the juvenile court set an adjudication hearing for May 30, 2012. On its own motion, on April 18, 2012, the juvenile court ordered D.M.’s adjudication continued and reset to June 13, 2012. Then again on April 30, 2012, the juvenile court ordered D.M.’s adjudication hearing continued and reset to June 20, 2012. As the majority stated, these continued adjudication dates were outside the 90-day time limitation for the State to bring D.M. to adjudication. The State argued when the juvenile court ordered the continuances on its own motion “good cause” was implied, therefore the court properly extended the period within which to bring prosecution pursuant to part (D) of La. Ch.C. art. 877. I disagree.
The Louisiana Supreme Court held in State in Interest of R.D.C., Jr., 632 So.2d at 749, that the time period set forth in La. Ch.C. art. 877 is mandatory and that “it is incumbent on the state to make a showing of good cause and obtain an extension before the period has run.” The Court further opined that in considering what constitutes good cause, the judge should be mindful of those situations or causes beyond the control of the State that may impinge on its ability to prepare for a hearing. Id.
The juvenile court’s orders on April 18, 2012 and April 30, 2012 contain no reasons or causes for the continuances. They simply state on a preprinted form that, “on motion of the Court, it is necessary ...” to continue D.M.’s set adjudication dates. These continuances pushed the adjudication hearing past the 90-day time limit mandated by La. Ch.C. art. 877. The State did not object to these continuances.
In While the two pre-printed continuance forms stated, “on the motion of the court, it is necessary ...” this statement on each form was not particular to this case, rather was generic with an open space below for the addition of case specific information. In each instance only the case letter and the word “adjudication” was added. There is nothing in either order or in this record to indicate either the reason for each continuance or that the juvenile court made an actual finding of good cause for the continuance prior to ordering the continuances which would extend the adjudication past the 90 day time limit. This absence of cause relative to these two continuances is distinguishable from the June 20, and July 11, 2012, continuances in which the reasons for the continuances are apparent from the record. By then, of course, the adjudications were untimely.
Cases interpreting La. Ch.C. art. 877(D) have held that the consequence of failing to timely commence an adjudication hearing, without any showing of good cause prior thereto, is mandatory dismissal of the petition. State in Interest of R.D.C., Jr., 632 So.2d at 748; State in Interest of D.L., 96 So.3d at 583. Although the juvenile court is not required to specifically state the reason that there is good cause for the delay, such good cause must be evident from the record. State ex rel. S.D., 09-1113 (La.App. 4 Cir. 12/9/09), 28 So.3d 1160, 1161 (finding good cause for an extension of time under La. Ch.C. art. 877 when the record showed the adjudication hearing could not be held once because the State was unable to obtain a crime lab *770 report, and a second time because the arresting officer was recovering from broken legs).
Here, the juvenile court found in its reasons for judgment that in light of the interpretation of La. Ch.C. art. 877, and the finding that “... good cause must be shown prior to extending an adjudication hearing beyond the permissible time limitations, this Court is unwilling to attempt to retroactively find good cause over the course of four separate hearings.”
Neither the record, nor the juvenile court orders contain evidence of a reason for the April 18, 2012 and April 30, 2012 continuances beyond the 90-day time limit for the adjudication hearing. Therefore, on the record before us, I would find the juvenile court correctly granted D.M.’s motion to dismiss and we therefore affirm its decision.