| KATHERINE ACUFF, CHRIS | * | NO. 2024-C-0058 |
|---|---|---|
| JABLONOWSKI, AND HANNA | | |
| HAILE, INDIVIDUALLY AND | * | |
| ON BEHALF OF PERRIER | | COURT OF APPEAL |
| CONDOMINIUM OWNERS' | * | |
| ASSOCIATION, INC. | | FOURTH CIRCUIT |
| | * | |
| VERSUS | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

DWAYNE TREECE, PHALLON
TREECE AND GREATER NEW
ORLEANS FAIR HOUSING
ACTION CENTER

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-04512, DIVISION "M"
Honorable Paulette R. Irons, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*
(Court composed of Chief Judge Terri F. Love, Judge Daniel L. Dysart, Judge
Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott)

**JENKINS, J., DISSENTS**
**ERVIN-KNOTT, J., DISSENTS WITH REASONS**

Karen M. Dicke
Lewis, Brisbois, Bisgaard & Smith, LLP
400 Poydras Street, Suite 2000
New Orleans, LA 70130

     COUNSEL FOR RESPONDENTS/PLAINTIFFS

James H. Gibson
Courtnee C. Green
P.O. Box 52124
Lafayette, LA 70505

John Adcock
Adcock Law, LLC
3110 Canal St.
New Orleans, LA 70119

Ron L. Wilson
Attorney at Law
701 Poydras St., Ste. 4100
New Orleans, LA 70139

     COUNSEL FOR RELATORS/DEFENDANTS

**WRIT GRANTED;**
**RELIEF DENIED**
**JUDGMENT AFFIRMED**
 **MARCH 18, 2024**

Relators/Defendants, Greater New Orleans Fair Housing Action Center d/b/a Louisiana Fair Housing Action Center, Peter Theis, Cashauna Hill, Sarah Carthen Watson and Elizabeth Owen (hereinafter collectively "Defendants"), seek review of the trial court's January 30, 2024 judgment denying the declinatory exception of insufficiency of service of process, or alternatively, motion for involuntary dismissal. After consideration of the record before this Court and the applicable law, we grant the writ, deny relief and affirm the judgment of the trial court.

## Facts and Procedural History

On April 29, 2019, Respondents/Plaintiffs, Katherine Acuff, Chris Jablonowski and Hanna Haile individually and on behalf of the Perrier Condominium Owners' Association, Inc. (hereinafter collectively "Plaintiffs"), filed a petition for damages against Dwayne and Phallon Treece and the Greater New Orleans Fair Housing Action Center. The petition alleged violations of the lease agreement. Plaintiffs subsequently filed a first amended petition for damages expounding the previous claims.

1

On February 20, 2020, the trial court stayed the proceedings pending resolution of a related federal court proceeding.[1] No further actions were taken until April 7, 2023, when Plaintiffs filed a "Motion to Lift Stay and Amend and Supplement Petition for Damages with Incorporated Supporting Memorandum." Plaintiffs requested the trial court lift the stay and grant leave of court to amend the first amended petition. Plaintiffs attached the second amended petition which added Peter Theis, Cashauna Hill, Sarah Carthen Watson and Elizabeth Owen as named defendants to the suit. The matter was heard by the trial court on July 13, 2023. By judgment dated August 2, 2023, the trial court granted Plaintiffs' motion. The written judgment provided, in pertinent part, "the Petition is filed as of April 7, 2023." Plaintiffs subsequently requested issuance of service and citation on Defendants.

Defendants filed an exception of insufficiency of service of process, or alternatively, motion for involuntary dismissal asserting that service was not effectuated within ninety-days of the filing of the second amended petition as required by La. C.C.P. art. 1201(C).[2] By judgment dated January 30, 2024, the trial court denied Defendants' exception. This timely application for supervisory review followed.

---

[1] *Dwayne Treece, Phallon Treece, and Clifford Harlan v. Perrier Condominium Owners Association, Inc., Katherine E. Acuff, Hanna M. Haile, and Christopher Jablonowski*, United States District Court, Eastern District of Louisiana, No. 17-10153-SM-DE.

[2] La. C.C.P. art. 1201(C) provides, in pertinent part:

> C. Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing, and the additional defendant shall be served with the original petition and the supplemental or amended petition… .

## Discussion

Defendants contend the trial court erred in denying their exception of insufficiency of service of process, or alternatively, motion for involuntary dismissal, as Plaintiffs failed to effectuate service within the delays as required by La. C.C.P. art. 1201(C).[3] We disagree.

The procedural history of this case indicates service was timely requested pursuant to La. C.C.P. art. 1201(C). Specifically, the relevant date to start the tolling of the La. C.C.P. art. 1201 ninety-day service requirement is August 2, 2023, the date of the notice of signing of judgment lifting the stay and granting leave to amend.

On February 20, 2020, the trial court issued a judgment staying all proceedings in the matter pending resolution of a related federal court proceeding. The federal proceeding concluded, and on April 7, 2023 Plaintiffs filed a motion requesting to lift the stay and leave to amend their first amended petition.

Two issues precluded service of Plaintiffs' second amended petition: (1) the February 20, 2020 stay order and (2) an order granting leave from the trial court to file the second amended petition. A "stay of the proceedings" is defined as "[t]he temporary suspension of the regular order of proceedings in a cause… ." *State in the Interest of A.D.*, 2012-0258, p. 3, n. 3 (La.App. 4 Cir. 8/15/12), 98 So.3d 950, 952 (citation omitted). Thus, until the trial court lifted the stay, no action was permitted in the case. Couple this suspensive condition with the fact that Plaintiffs

---

[3] This Court reviews a trial court's ruling on an exception of insufficiency of service of process under a *de novo* standard of review when there is no dispute of facts. *Lepine v. Dep't of Wildlife & Fisheries*, 2022-0160, p. 3 (La.App. 4 Cir. 10/5/22), 350 So.3d 988, 991, *writ denied*, 2022-01627 (La. 1/11/23), 352 So.3d 983.

could not request service of the second amended petition until the trial court issued an order granting leave to do so. La. C.C.P. art. 1151, provides, in pertinent part:

> A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.

As such, until the trial court lifted the stay and granted Plaintiffs' leave to amend, no action could be taken.

On July 13, 2023, the trial court heard Plaintiffs motion and granted the request to lift the stay and amend the first amended petition. However, the judgment and notice are dated August 2, 2023. Therefore, the actions taken by the trial court on July 13, 2023, were not effective until August 2, 2023. *See* La. C.C.P. art. 1914(B) ("The interlocutory judgment shall be reduced to writing if the court so orders… ."). It appears Plaintiffs' inclusion of the April 7, 2023 date in the judgment caused confusion as to the relevant date to start the tolling of La. C.C.P. art. 1201(C). The insertion of the date was unnecessary as La. C.C.P. art. 1155 allows amended and supplemental petitions to relate back to the date of the original petition.[4]

Plaintiffs had ninety-days from August 2, 2023, the date of the lifting of the stay order, to request service and citation.[5] Accordingly, we grant the writ, deny relief and affirm the January 30, 2024 judgment of the trial court.

---

[4] La. C.C.P. art. 1155 provides:

> The court, upon written consent of the parties, may permit the mover to file a supplemental petition or answer setting forth items of damage, causes of action or defenses that have become exigible since the date of filing the original petition or answer, and that are related to or connected with the causes of action or defenses asserted therein. If the parties do not consent, the court may grant leave to file a supplemental petition or answer only upon contradictory motion.

4

**WRIT GRANTED;**
**RELIEF DENIED**
**JUDGMENT AFFIRMED**

---

[5] The motion for leave to amend the supplemental petition was filed on April 7, 2023 and the hearing was not held until July 13, 2023. If Plaintiffs were required to serve the petition within ninety-days, the time period would have expired July 7, 2023, a week before the hearing granting leave to amend the petition.