ROLAND L. BELSOME, Judge.
_JjThe State appeals the juvenile court’s dismissal of F.M.’s petition for failure to timely prosecute. We affirm.

FACTS AND PROCEDURAL HISTORY

On April 23, 2012, the juvenile defendant, F.M.,[1] was arrested as a result of an alleged altercation with M.C. The following day, the State filed a petition charging the defendant with disturbing the peace in violation of La. R.S. 14:103 (count one), simple assault of M.C. in violation of La. R.S 14:38 (count two), and resisting an officer with force or violence in violation of La. R.S. 14:108.2 (count three). F.M. was later released to his mother’s custody and placed on house arrest. The defendant appeared and answered the petition on April 26, 2012.
In preparation for trial, the State issued subpoenas to M.C. and his guardian to ensure their presence for trial. On May 21, 2012, M.C. and his guardian failed to appear for trial, and the trial court issued arrest warrants.
12AdditionalIy, the court stayed the proceedings “pending execution of the warrant.” Defense counsel filed a writ application with this Court. This Court granted the writ “for the sole purpose of ordering the trial court to set a status hearing. Otherwise, the writ was denied. State v. F.M., 2012-C-981 (La.App. 4 Cir. 7/2/2012), writ disposition.
On July 9, 2012, the court held a status hearing. The court’s judgment reflects that the warrants were still outstanding and the case was reset. On July 25, 2012, the defendant filed a motion to dismiss the petition for failure to timely prosecute. On July 30, 2012, the court held a status hearing, and again notated that the warrants were outstanding for the two witnesses. A hearing on the motion to dismiss was then set for August 6, 2012.
Meanwhile, on August 1, 2012, the defendant raised the issue of his competency in a separate section of juvenile court. Upon receiving that motion, the State raised the issue the defendant’s competency in the instant case by its own written motion, filed on August 6, 2012. After a hearing on those motions on August 6, 2012, the court deferred its ruling. Three days later, the trial court dismissed the petition for failure to timely prosecute.

*1234
DISCUSSION

The State asserts two assignments of eiTor: 1) the trial court erred in granting the defendant’s motion to dismiss the petition; and 2) the issue of competency had been raised but not ruled upon.
|3In its first assignment of error, the State asserts that it established good cause for a continuance of the time limit to prosecute on the record. At the time of the offense, La. Ch. C. art. 877 established the time delays which apply in juvenile adjudication hearings. In particular, Article 877 provides:
A. If the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
D. For good cause, the court may extend such period.
The Louisiana Supreme Court held in State in Interest of R.D.C., Jr., 93-1865 (La.2/28/94), 632 So.2d 745, 748, that the time period set forth in La. Ch.C. art. 877 is mandatory and that “it is incumbent on the state to make a showing of good cause and obtain an extension before the period has run.” The Court further noted that in considering what constitutes good cause, the judge should be mindful of those situations or causes beyond the control of the state that may impinge on its ability to prepare for a hearing. Id. at 749.
This Court must determine whether the State timely filed for a good cause extension of time to commence prosecution. In the present case, because F.M. was not continued in custody, the State had ninety days, or until July 25, 2012, to commence the adjudication hearing or obtain a good cause extension. When the witnesses failed to appear for trial on May 21,14.2012, the court issued arrest warrants and ordered a stay pending execution of the warrants. Defense counsel filed a writ application and this Court granted the writ solely for the purpose of ordering the trial court to set a status hearing. The record reflects that the arrest warrants remained outstanding at the July 9, 2012 status hearing. On July 25, 2012, the day the time limit to commence trial expired, defense counsel filed a motion to dismiss the prosecution for failure to timely prosecute. The trial court did not hear the motion to dismiss until after the State filed a motion to determine competency. After hearing both motions, the trial court deferred its ruling and later rendered a judgment granting the defendant’s motion to dismiss. In granting the dismissal, the trial court noted that “[it] did not make a finding of good cause at any point prior to the date of July 25th, 2012.”
Significantly absent in the record, is evidence that the State requested and received a good cause extension before the time limit ran. See State in Interest of R.D.C., Jr., supra. Although a stay was ordered and presumably in place at the time of the dismissal,[2] it cannot serve as a substitute for requesting and obtaining an extension for good cause. Thus, we cannot find that the trial court abused its broad discretion in dismissing the case for failure to timely prosecute.
Secondly, the State argues that once it raised the issue of defendant’s competency, the trial court could not dismiss the prosecution. La. Ch.C. art. 832 states:
*1235 |SA child’s mental incapacity to proceed, as defined by this Title, may be raised at any time by the child, the district attorney, or the court. When the question of the child’s mental incapacity to proceed is raised, there shall be no further steps in the delinquency proceeding, except the filing of a delinquency petition, until counsel is appointed and notified in accordance with Article 809(B) and the child is found to have the mental capacity to proceed.
However, we find that the dismissal in this case was not a further step in the delinquency proceeding. Moreover, the time limit to commence prosecution had already expired before the competency issue was raised.
Accordingly, we affirm the trial court’s dismissal of the petition.
AFFIRMED

. The juvenile is referred to by his initials, F.M., to preserve the confidentiality of the juvenile proceedings. See La. Ch.C. art. 412. For the same reason, the initials of the minor victim, M.C., are used.

. The record does not reflect that the trial court lifted the stay.