# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                          NEWS RELEASE #063

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **9th day of December, 2014**, are as follows:

**BY JOHNSON, C.J.**:

2013-CK-2573    STATE OF LOUISIANA IN THE INTEREST OF J.M. (Parish of Orleans)

For the foregoing reasons, we find the Fourth Circuit properly reversed the juvenile court's denial of the defendant's motion to dismiss for untimely adjudication. Accordingly, the judgment is affirmed.
AFFIRMED.

VICTORY, J., concurs.

SUPREME COURT OF LOUISIANA

NO. 2013-CK-2573

STATE OF LOUISIANA IN THE INTEREST OF J. M.

ON SUPERVISORY WRITS TO THE JUVENILE COURT
FOR THE PARISH OF ORLEANS

**JOHNSON, Chief Justice**

We granted this writ application to determine whether the charges against a juvenile must be dismissed where an adjudication hearing was not commenced within ninety days of an answer hearing pursuant to Article 877 of the Louisiana Children's Code. The state argues the ninety-day period is suspended when it enters a *nolle prosequi* of the original charges and re-files the charges against the juvenile, since the ninety-day period begins to run only when the defendant answers the petition. We disagree.

For the reasons stated herein, we affirm the court of appeal ruling, which reversed the juvenile court's denial of the defendant's motion to dismiss for untimely adjudication.

## FACTS AND PROCEDURAL HISTORY

In a petition filed by the State of Louisiana, juvenile defendant, J.M., was charged with simple battery and simple criminal damage to property. On February 25, 2013, J.M. appeared to answer the petition and entered a denial of the allegations. Pursuant to La. Ch. Code art. 877, the state had ninety days from the date of the answer hearing to adjudicate the case, or until May 26, 2013. The juvenile court set a trial date of March 26, 2013. On that date, the defendant failed

to appear for trial and an arrest warrant was issued for her arrest. The record reflects that service was never rendered on the defendant.

On April 17, 2013, the warrant was recalled when the defendant appeared in court and a new trial date of May 14, 2013 was set. On May 13, 2013, for reasons we cannot discern from the record, the state expressly requested an extension of the adjudication deadline from May 26, 2013 to May 28, 2013 without objection by the defendant. The juvenile court granted the extension and set a hearing date of May 28, 2013.

On May 28, 2013, the state requested a second continuance of the adjudication hearing. The juvenile court denied the state's motion to continue, noting the state had already been granted additional time and finding no good cause to grant an additional continuance. Critically, the state did not object to or seek review of this ruling, but instead entered a *nolle prosequi* and dismissed the case. The same day, the state filed a new petition alleging the same delinquent acts.

An answer hearing for the refiled petition was set for June 11, 2013. On June 11, 2013, the record reflects service was not made on the defendant and a new hearing date was set for June 25, 2013. On that date, the juvenile court judge was absent and the matter was delayed until July 16, 2013. On July 16, 2013, 141 days from the original answer hearing, J.M. appeared in court to answer the refiled petition. J.M. once again denied the allegations and moved to dismiss the petition, arguing the state violated the time limitations found in Louisiana Children's Code Article 877. The juvenile court denied the defendant's motion to dismiss. J.M. noticed intent to seek review of that ruling and appealed.

The court of appeal granted the defendant's writ application and reversed the ruling of the juvenile court, dismissing the case on the basis that the state failed to

adjudicate the matter within the time limitations provided in the Children's Code.[1] The state applied to this court for supervisory review of the court of appeal's decision, which we granted.[2]

## DISCUSSION

The Louisiana Children's Code explicitly provides time limitations within which the state must adjudicate juvenile delinquency matters. Article 877 states:

> A. When the child is charged with a crime of violence as defined in R.S. 14:2(B) and the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within sixty days of the appearance to answer the petition. In all other cases, if the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
>
> B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
>
> C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
>
> D. For good cause, the court may extend such period.

The time limits in Article 877 are mandatory and may not be extended absent a showing of good cause.[3] Moreover, "it is incumbent upon the state to make a showing of good cause and obtain an extension *before* the period has run."[4]

In the instant matter, the state contends the juvenile court properly denied the defendant's motion to dismiss because the time limits in La. Ch. C. art. 877 had not yet lapsed. The state argues the ninety day time limit was suspended at two separate intervals, first between March 26, 2013 and April 17, 2013 when the juvenile failed to appear in court, and again between the time the state re-filed the

---

[1] *State in the Interest of J.M.*, 13-1064 (La. App. 4 Cir. 10/1/13) (unpub'd).

[2] *State in the Interest of J.M.*, 13-2573 (La.4/25/14), 138 So. 3d 634.

[3] *State in the Interest of R.D.C., Jr.*, 93-1865, p. 4 (La. 2/28/94), 632 So.2d 745, 749; *State ex rel J.B. and G.M.*, 03-0587 (La. App. 4 Cir. 12/10/03), 863 So.2d 669.

[4] *Id.* (emphasis in original).

3

charges on May 28, 2013 and the subsequent answer hearing on July 16, 2013. While acknowledging that refiling the petition does not allow for commencement of a new 90-day period,[5] the state contends this does not preclude the original time period from being suspended until the defendant answers the new petition. The state relies on recent jurisprudence to argue that "tacit" extensions of the Article 877 time limitations are allowed where a hearing date is set after expiration of the adjudication deadline by agreement of the parties.[6]

Finding the state failed to obtain a good cause extension of the mandatory Article 877 adjudication deadline of May 28, 2013, we hold that, upon the state's dismissal of the charges, the time limit for adjudication expired. We first note the state's critical failure to object to the juvenile court's denial of the motion to continue on May 28, 2013, the last day of the original Article 877 time limitations. The state entered a *nolle prosequi* and dismissed the original charges, having never raised the issue of suspension of the Article 877 time limits due to the defendant's failure to appear in court between March 26, 2013 and April 17, 2013. The proper procedural remedy for a denial of the motion to continue would have been to argue that the time limit was suspended, object to the denial of a continuance, notice intent to seek supervisory writs, and request a stay.[7] Further, the state failed to respond to the defendant's application for supervisory writs in the court of appeal. It is well established that a court of appeal may consider as abandoned any specification or assignment of error which has not been briefed.[8] Likewise, issues raised for the first time by supplemental brief to the Supreme Court are not timely

---

[5] *See State in the Interest of R.D.C., Jr.*, 632 So.2d at 748.

[6] *See, e.g., State in the Interest of D.J.*, 13-1111 (La. 1/10/14), 131 So.3d 35; *State in the Interest of J.L.,* 14-0293 (La. App. 4 Cir. 5/16/14)(unpub'd)

[7] *See State in the Interest of R.D.C., Jr.*, 632 So.2d at 748.

[8] Rule 2-12.4 of the Uniform Rules-Courts of Appeal; *See, e.g.*, *Duplessie v. Sec. Iron Co., Inc.*, 13-1508 (La. App. 4 Cir. 4/30/14).

and are thus barred from review.[9] Therefore, because the state failed to argue below that the time limits were suspended, we pretermit discussion of the suspension of the Article 877 time limits both before and after the state dismissed and refiled the charges.

The issue that remains to be determined then is whether or not the state is allowed additional time to conduct a subsequent answer hearing upon refiling the petition. We firmly hold this practice of entering a *nolle prosequi* and dismissing charges as a method of extending the time period for adjudication is not allowed in juvenile cases where the Children's Code time limits are mandatory and, unlike the Criminal Code, may only be extended by a finding of good cause.

The state is essentially seeking to import provisions of the Code of Criminal Procedure into the Children's Code. However, juvenile proceedings are specifically governed by the Children's Code and only when there is no applicable provision in the Children's Code does the court look to a relevant provision in the Code of Criminal Procedure.[10] Here, there is no need to resort to the Code of Criminal Procedure because the Children's Code does in fact provide a specific procedure in Article 877 for extending the 90-day time period by requiring the party seeking an extension to make a showing of good cause.[11] Moreover, Article 877 mandates a specific outcome for violation of that procedure in subsection (C),

---

[9] *See State v. Richard*, 245 La. 465, 472-73, 158 So.2d 828, 830 (La. 1963).

[10] La. Ch. C. art. 103. General applicability
> Except as otherwise specified in any Title of this Code, the provisions of the Children's Code shall be applicable in all juvenile court proceedings, and only to such proceedings.

La. Ch. C. art. 104. Applicability of Code of Criminal Procedure; Code of Civil Procedure
> Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with:
> (1) The Code of Criminal Procedure in a delinquency proceeding and in a criminal trial of an adult.
> (2) The Code of Civil Procedure in all other matters.

[11] *See* La. Ch. C. art. 877(D).

which provides that if the hearing is not timely commenced, upon motion of the child, the court shall dismiss the petition.[12] Thus, the Children's Code clearly establishes that the only procedure that will suspend the time limitations to commence adjudication is by a showing of good cause.[13]

While good cause is not defined in the Children's Code, this court has held that it may be demonstrated where "causes beyond the control of the state may impinge on its ability to prepare for the hearing."[14] Nowhere in the record does the state argue such causes beyond its control that impinged on its ability to prepare for the May 28, 2013 hearing. Instead, the juvenile court found the state failed to demonstrate such causes to warrant an additional extension and specifically found no good cause for further delay. The record clearly shows the state had two opportunities to bring J.M. to trial within the Article 877 deadlines: first on May 14, 2013, and again on May 28, 2013. Yet, for reasons we cannot determine from the record, the state declined to adjudicate on either occasion. We find the state cannot use a *nolle prosequi* in juvenile cases to circumvent the adjudication deadline.

This court has previously rejected similar time-buying maneuvers using provisions found in the Criminal Code to suspend adjudication time limits in juvenile cases. In *State in the Interest of R.D.C., Jr.,* this court stated,

> We reject the state's approach, finding there is a fundamental difference between the Code of Criminal Procedure and the Children's Code in the area of time limitations for commencement of trial. Under the Code of Criminal Procedure, the time limits for commencement of trial may only be interrupted or suspended for specifically enumerated reasons set forth in La. Code Crim. P. arts. 579 and 580, and there is no mechanism for the trial judge to extend

---

[12] *See* La. Ch. C. art. 877(C).

[13] *See, e.g.*, *State in the Interest of T.N.*, 09-0431 (La. App. 4 Cir. 11/12/09), 25 So.3d 962; *State ex rel. J.B. and G.M.*, 03-0587 (La. App. 4 Cir. 12/10/03), 863 So.2d 669.

[14] *State ex rel. A.D.*, 12-0258 (La. App. 4 Cir. 8/15/12), 98 So.3d 950 (quoting *State in the Interest of R.D.C., Jr.*, 632 So.2d at 749).

6

the time limits for good cause. Therefore, the Code of Criminal Procedure gives the state the option of dismissing and refiling its charges in those instances when it can make a showing that the dismissal was not for the purpose of avoiding the time limitations for commencement of trial. *See, e.g., State v. Hearin*, 409 So.2d 577 (La. 1982)…By contrast, the Children's Code builds in a mechanism in La. Ch.C. art. 877(D) for the state to obtain an extension of the time limits to commence the adjudication hearing by making a showing of good cause. Under this article, there is no need for the state to dismiss and then justify its refiling *after* the period has run; rather, it is incumbent on the state to make a showing of good cause and obtain an extension *before* the period has run. In the event that a good cause extension is not granted and the period runs out, the state may not refile its petition. Otherwise, the good cause requirement of La. Ch.Code art. 877(D) would be rendered meaningless, since the state could always circumvent an adverse decision by simply dismissing and refiling the petition.[15]

In the instant case, the court of appeal correctly adhered to the reasoning of *R.D.C.¸Jr.*, finding no law or jurisprudence that permits the suspension or interruption of the 90-day period absent a showing of good cause. As in this case, the trial court in *R.D.C., Jr.* refused to grant a continuance and the state dismissed and refiled its petition. The state seeks to distinguish *R.D.C., Jr.* on the grounds that, in that case, the petition was not refiled until after the deadline had passed, whereas in the case *sub judice*, the state refiled the petition the same day (the last day of the period). We find such a distinction irrelevant. This court specifically held in *R.D.C., Jr.* that the state must commence an adjudication hearing within the Article 877 deadlines and, if it needs more time, must "make a showing of good cause and obtain an extension *before* the period has run."[16] We hold that once the state entered a *nolle prosequi* of the charges, it could no longer argue that the time limit was extended, as the case was dismissed and the state failed to seek review of the juvenile court's adverse ruling. Our opinion in *R.D.C., Jr.* addresses this point:

> In the present case, the state timely sought a continuance, but the court denied the motion, implicitly finding no good cause for an extension. The state could have sought review of the court's decision by

---

[15] *State in the Interest of R.D.C., Jr.*, 632 So.2d at 748-749.

[16] *Id.* at 748.

application for supervisory writs to the court of appeal; however, it chose not to do so. The matter cannot be reviewed at this time and we must accept the juvenile court's conclusion that there was no good cause for the extension. Accordingly, since the adjudication hearing did not commence timely and no good cause was shown for an extension, the petition must be dismissed.[17]

*State in the Interest of T.N.*[18] addresses this issue as well. In that case, the state was denied a continuance of the adjudication date, entered a *nolle prosequi*, and then re-filed the case. The matter was set for hearing and the defendant failed to appear because service had not been made. The defendant subsequently appeared in court after the Article 877 time limit expired and moved to dismiss for failure to timely prosecute. The juvenile court granted the defendant's motion to dismiss, finding:

> At the December 11, 2009 hearing, the State did not seek a finding of good cause to extend the La. Ch.C. art. 877(B) trial deadline which would expire on January 14, 2009, nor did the State move that the court make such a finding on or before January 14, 2009. In the absence of a timely request by the State for a finding of good cause to extend the trial deadline, the case must be dismissed.[19]

The court of appeal affirmed, finding the state has a heavy burden of justifying a delay in the commencement of adjudication on the basis that the time limits were interrupted or suspended.[20] The court found the state made no showing of good cause to extend the time period before the deadline had run and failed to show causes beyond its control to warrant an extension of the adjudication deadline.

As in *State in the Interest of T.N.*, the state here chose to dismiss and refile the case on the last day of the time period, rather than seek review of the lower court's adverse ruling. Likewise, as in *R.D.C., Jr.*, the state in this case chose not to seek review of the juvenile court's adverse ruling and failed to raise the argument

---

[17] *Id.*

[18] 09-0431 (La. App. 4 Cir. 11/12/09), 25 So.3d 962.

[19] 25 So.3d at 964.

[20] *Id.* (*citing State v. Rome*, 93-1221, p.3 (La. 1/14/94), 630 So.2d 1284, 1286; *State v. Causey*, 02-1848, p. 5 (La. App. 4 Cir. 4/9/03), 844 So.2d 1076, 1079).

for suspension of the time limits in the court of appeal. This case fits squarely within the purview of *R.D.C., Jr.*, and without a good cause extension, the time limit expired on May 28, 2013.

Contrary to the state's contention, entering a *nolle prosequi* and refiling a petition does not, in and of itself, create good cause to extend the adjudication deadline. The state asserts that, because a subsequent answer hearing is required upon re-filing the charges, the time limit in this case had not expired and was "implicitly" extended for good cause. We do not find this argument supported under the mandatory requirements of the Children's Code. The Children's Code explicitly places strict adjudication requirements on the state for prosecution of juvenile cases. The Code of Criminal Procedure provisions for timely prosecution, however, are much broader. Pursuant to La. Cr. C art. 576, a *nolle prosequi* is allowed in specific enumerated circumstances in criminal cases if the state can show that it is not being used simply to circumvent the time limits to bring a criminal defendant to trial.[21] By contrast, while entering a *nolle prosequi* is not prohibited by the Children's Code *per se*, the only method of obtaining an extension of the deadline in juvenile cases is by a finding of good cause. To allow the state to avoid statutory time limitations simply by using a *nolle prosequi* would contravene the clear intent of the legislature as well as the established jurisprudence of this court requiring a party to demonstrate good cause for an extension of the Article 877 deadlines.

We find the Article 877 adjudication deadline expired upon the state's dismissal of the petition in court on May 28, 2013. The court of appeal therefore did not err in reversing the juvenile court's denial of the defendants motion to dismiss on July 16, 2013, well after the 90-day time limit for adjudication expired.

---

[21] *See* La. C.Cr.P. art. 576. Filing of new charges upon dismissal of prosecution

**DECREE**

For the foregoing reasons, we find the Fourth Circuit properly reversed the juvenile court's denial of the defendant's motion to dismiss for untimely adjudication. Accordingly, the judgment is affirmed.

**AFFIRMED**.