JAMES F. MCKAY III, CHIEF JUDGE
I,In this juvenile case involving the delinquency of a minor, the State appeals the trial court’s granting of a motion to dismiss after finding that the matter had not been brought to trial within the trial deadlines established by the Louisiana Children’s Code. We affirm.
FACTS AND PROCEDURAL HISTORY
On November 13, 2015, R.M. was charged by petition with one count of possession with intent to distribute a counterfeit controlled dangerous substance, a felony violation under La. R.S. 40:971.1. The case was allotted to Section “F” of the Juvenile Court for the Parish of Orleans and set for a pre-trial conference on November 18, 2015. On November 18, 2015, the case was set for an answer hearing on November 19, 2015. On November 19, 2015, the answer hearing was reset to November 23, 2015. On November 23, 2015, R.M. appeared with counsel and entered a denial.
On December 4, 2015, R.M., through his counsel, filed a motion to challenge competency. On December 8, 2015, the trial court appointed a panel of |2doctors to evaluate R.M., stayed the proceedings pursuant to La. Ch. C. art. 832, and set the case for a competency hearing on January 27, 2016. On January 27,2016, the competency hearing was reset on the trial court’s motion to February 16, 2016. On February 16, 2016, the competency hearing was again reset on the trial court’s motion to March 2, 2016 because the juvenile had been arrested on a new charge and was detained at the Youth Study Center. On March 2, 2016, the competency hearing was reset on the trial court’s motion to March 14, 2016 because the doctors had not yet evaluated the juvenile. On March 14, 2016, the hearing was reset on the trial court’s motion to March 17, 2016, again because the doctors had not yet evaluated R.M. On March 17, 2016, the juvenile appeared to be found competent to proceed to trial.
The matter was set for trial on April 14, 2016. On April 14, 2016, the trial was continued to May 4, 2016 because there had not been service on the police officers involved in the case. On May 4, 2016, the State declared that it was not ready for trial because the police officers had still not been subpoenaed. R.M. then moved for dismissal, which was granted by the juvenile court. On August 13, 2016, the State filed a motion for appeal and designation of record.
DISCUSSION
On appeal, the State contends that the Juvenile Court erred by dismissing this case on the finding that the stay issued by operation of law under La. Ch. C. art. 832 unreasonably extended the prescriptive period for prosecution set forth Lunder La, Ch. C. art. 877, where the stay did not actually extend prosecution beyond the prescriptive period.
The Fourteenth Amendment to the United States Constitution and Article 1 Section 16 of the Louisiana Constitution guarantee their citizens the right to a speedy trial. For a juvenile in Louisiana, that right is further strengthened by La. Ch. C. art. 877. In pertinent part, that article states as follows:
B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
D. For good cause, the court may extend such period.
*969 The time limits set forth in La. Ch. C. art. 877 are mandatory. See State In Interest of R.D.C., 632 So.2d 745, 749 (La. 1994); State ex rel. J.B., 2003-0587 (La.App. 4 Cir. 12/10/03), 863 So.2d 669, 671; State In Interest of F.M., 2012-1442 (La.App. 4 Cir. 6/5/13), 118 So.3d 1232, 1234. In order to extend the time limits, good cause must be shown and both the good cause and the extension, if granted, must occur before the deadline has expired. It is incumbent on the State to make a showing of good cause and obtain an extension before the period has run. State In Interest of R.D.C., 632 So.2d at 748. Article 877(D) does not allow the adjudication hearing to be set outside the mandatory period; rather, it allows the period to be extended. State ex rel. J.B., 863 So.2d at 671. The decision to grant an extension of time belongs to the Court. State In Interest of R.D.C., 632 So.2d at 749.
|4In the instant case, R.M. answered the petition on November 23, 2015. Although R.M. was in custody for fifty (50) days during the course of the proceedings, he was not in custody on this matter and thus his trial needed to be held within ninety (90) days of his appearance to answer the petition. See La. Ch. C. art. 877. Under article 877(B), the final day for R.M.’s trial to begin (the ninetieth day for timely prosecution) was February 21, 2016. This deadline was clearly noted in the juvenile court’s judgment from November 23, 2015. Due to the judge’s illness at the January 27, 2016 hearing date, the court made a single good cause finding to extend the trial deadline. However, at subsequent hearing dates, the State did not request or receive a good cause extension. Therefore, any proceeding after February 21, 2016 would violate the time limit mandated under article 877. Accordingly, the Juvenile Court did not err in granting R.M.’s motion to dismiss on May 4, 2016 (163 days after his appearance to answer the petition).
We also note that the stay pursuant to article 832 did not relieve the State of its duty to request and obtain a good cause extension before the article 877 mandatory time limit expired. This Court has found that a stay “cannot serve as a substitute for requesting and obtaining an extension for good cause.” State In Interest of F.M., 118 So.3d at 1234.
Finally, the trial court did not err in granting R.M.’s motion to dismiss because R.M.’s constitutional right to a speedy trial was violated. As the juvenile court noted in its judgment, “time passes faster for a youth than an adult,” and “[j]uvenile court proceedings are intended to afford swift resolution of alleged juvenile misconduct free of the lengthy delays that seem to ensnare adult criminal matters.” In order to determine if there has been a speedy trial violation, the Louisiana Supreme Court has adopted a four-part test set out by the United States | ^Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). State v. James, 394 So.2d 1197 (La. 1981); State v. Reaves, 376 So.2d 136 (La. 1979). Under the Barker test, to determine whether or not there has been a speedy trial violation, the court considers: (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his right, and (4) the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
In the instant case, these factors weigh heavily in favor of dismissal. First, the length of the delay in this case, from the filing of petition, was 174 days. (In juvenile court, the length of delay allotted to prosecution without good cause is 90 days. La. Ch. C. Art. 887. As such, the 174 day delay in a juvenile case is presumptively prejudicial). Second, the Louisiana Supreme *970 Court has found that even where there does not appear to be a deliberate attempt to delay the trial, “responsibility for the repeated absences of the prosecution’s police officer witness must rest with the government, rather than with the defendant.” State v. Reaves, 376 So.2d at 138-39 (citing Barker v. Wingo, 407 U.S. at 530, 92 S.Ct. 2182. Third, the fact that R.M. does not appear to have asserted his right to a speedy trial until the filing of his motion to dismiss should not be weighed heavily because in juvenile court, La. Ch. C. art. 877 functions as a statutory speedy trial act. Fourth, the State, with no basis, asserts that R.M. is not prejudiced due to the delay. In weighing the factors and considering the i'elevant circumstances of this case, the juvenile court did not err in granting the motion to dismiss.
CONCLUSION
Based on the record before this Court and for the above and foregoing reasons, we affirm the juvenile court’s judgment which granted R.M.’s motion to |fldismiss for failure to bring to trial within the deadlines established by the Children’s Code.
AFFIRMED
LEDET, J., DISSENTS WITH REASONS