LEDET, J.,
DISSENTS WITH REASONS
IH would reverse the district court’s ruling granting R.M.’s motion to dismiss.
Relying on State in Interest of F.M., 12-1442 (La. App. 4 Cir. 6/5/13), 118 So.3d 1232, the majority holds that La. Ch.C. art. 832 did not relieve the State of its duty to obtain a good cause extension before the ninety-day time limit enunciated in La. Ch.C. art. 877(B) expired. F.M., however, is distinguishable from the instant case.
In F.M., the district court, using its discretion, stayed the delinquency proceedings due to outstanding arrest warrants for the minor victim and his guardian because of their failure to appear for trial. The defendant thereafter moved to dismiss the State’s petition for failure to timely prosecute. F.M., 12-1442 at p. 2, 118 So.3d at 1233. On the day the defendant’s motion to dismiss was scheduled to be heard, the State raised the issue of competency. Id. Furthermore, the State, as this court noted in F.M., raised the issue of the defendant’s competency after the time limit to commence prosecution had already expired. F.M. 12-1442, at p. 4, 118 So.3d at 1234.
In the instant matter, as the majority notes, the district court stayed the proceedings as pursuant to La. Ch.C. art. 832, which provides as follows:
A child’s mental incapacity to proceed ... may be raised at any time by the child, the district attorney, or the court. When the question 12of the child’s mental incapacity to proceed is raised, there shall be no further steps in the delinquency proceeding, except the filing of a delinquency petition, until counsel is appointed and notified in accordance with Article 809(B) and the child is found to have the mental capacity to proceed.
Under Article 832, it is mandated that no further action be taken in a delinquency proceeding until after the juvenile is found to have the mental capacity to proceed, which shall be determined by the court after a contradictory hearing. See State ex rel. G.G., 09-1667, p. 6 (La. App. 4 Cir. 8/4/10), 45 So.3d 623, 626; State ex rel. L.A., 09-1029, p. 5 (La. App. 4 Cir. 12/9/09), 28 So.3d 515, 518.
R.M. filed a motion to challenge competency fifteen days after he answered the petition. On March 17, 2016, after several continuances on the district court’s own *971 motions, the contradictory hearing to determine competency was held. R.M. was found competent to proceed. Given the Article 832 specifically mandates the suspension of proceedings until a determination of competency has been made, I would find that the time limit to commence prosecution did not expire. See State in Interest of D.M., 12-787, p. 6 (La. App. 5 Cir. 5/30/13), 119 So.3d 763, 767 (finding that the court’s motion to continue the adjudication hearing was “sufficient to support a finding of good cause as required by [La.] Ch.G. art. 877D.”); State in Interest of D.S., 14-1253 (La. App. 1 Cir. 12/23/14), 2014 WL 7331946, p.*2 (unpub.) (recognizing that La. Ch. C. art. 832 expressly provides for delays to the time limitations for adjudication).
For these reasons, I dissent.