*Supreme Court of Louisiana*

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #036

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **29th day of June, 2017**, are as follows:

**BY PER CURIAM**:

2017-CK-0182    STATE OF LOUISIANA IN THE INTEREST OF A.C. (Parish of Washington)

Accordingly, we reverse the ruling of the court of appeal and remand for further proceedings in the juvenile court consistent with the views expressed here. We further note that the state, through no fault of its own, has been unable to commence the delinquency adjudication hearing while review of this matter was pending, and our ruling also must become final in accordance with La.C.Cr.P. art. 922(B), before the state can proceed. Therefore, the 90-day time limit has not expired yet and the state has a window, albeit a small one, in which to commence the adjudication hearing.
REVERSED AND REMANDED

GENOVESE, J., dissents.

**SUPREME COURT OF LOUISIANA**

**No. 2017-CK-0182**

**STATE OF LOUISIANA IN THE INTEREST OF A.C.**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF WASHINGTON**

**PER CURIAM**

On March 7, 2016, the state filed a petition alleging A.C., at the age of 14 years, committed the felony-grade delinquent acts of aggravated rape of a victim under the age of 13 years, La.R.S. 14:42, and indecent behavior with a juvenile, La.R.S. 14:81. That same day, A.C. appeared to answer the petition and denied the allegations. Pursuant to La.Ch.C. art. 877(B), the state had 90 days to commence the adjudication hearing, which was until Monday, June 6, 2016. The juvenile court set the adjudication hearing for Friday, June 3, 2016.

On that date, the state made a motion to continue the hearing alleging that the prosecutor and the family of the victims had been out of town and witnesses had not been subpoenaed. Counsel for A.C. objected and indicated that, as soon as the 90-day limit passed, counsel would file a motion to dismiss the delinquency petition. The juvenile court found there was not good cause to extend the 90-day period and additionally dismissed the delinquency petition at that time. The state objected and gave notice of its intent to seek supervisory review in the court of appeal.

The court of appeal granted the state's writ application and reversed the ruling of the juvenile court, finding: "The district court prematurely dismissed the [state's] petition. *See* La.Ch.Code. art. 877." *State in the Interest of A.C.*, 16-1052

(La. App. 1 Cir. 10/7/16) (unpub'd). A.C. did not apply for rehearing in the first circuit or seek supervisory review in this court.

On October 13, 2016, A.C. moved again to dismiss the delinquency petition, contending that the 90-day time limit had run, and argued in the alternative that the time was not suspended when the state sought supervisory review or, if the time was suspended, it began to run again after the court of appeal's ruling on October 7, 2016, and had now run out. After the juvenile court denied A.C.'s motion to dismiss, A.C. gave notice of his intent to seek supervisory review from the court of appeal.

The court of appeal granted A.C.'s writ application and dismissed the delinquency petition for failure to timely commence the adjudication hearing. The court of appeal found:

> When a "child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition." La.Ch. Code art. 877(B). The mandatory time limitations provided in La. Ch. Code art. 877 were set forth to ensure expedited adjudication of children. *See State v. Roberson*, 2014-1996 (La. 10/14/15), 179 So.3d 573, 576. Through no fault of the juvenile, the mandatory time limitation for the commencement of the adjudication hearing has exceeded the ninety-day requirement by six months. Accordingly, the district court's ruling denying the juvenile's motion to dismiss is reversed, and this matter is remanded to the district court for further proceedings in accordance with this decision.

*State in the Interest of A.C.*, 16-1492 (La. App. 1 Cir. 12/28/16) (unpub'd). One member of the appellate panel dissented:

> I find the district court did not err in denying the juvenile's motion to dismiss, filed on October 13, 2016. This Court's decision in *State of Louisiana in the Interest of A.C.*, 2016-1052 (La. App. 1st Cir. 10/7/16) (unpublished writ action) became final on October 21, 2016 in accordance with La. Code Crim. P. art. 922(B). The motion to dismiss the juvenile's petition, filed on October 13, 2016, was filed prematurely.

2

*Id.* (Pettigrew, J., dissenting). Implicit in the dissent's view is a determination that the 90-day time limit was suspended while the state sought supervisory review. For the following reasons, we find the dissent's view is correct.

Children's Code article 877 provides:

A. When the child is charged with a crime of violence as defined in R.S. 14:2(B) and the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within sixty days of the appearance to answer the petition. In all other cases, if the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.

B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.

C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.

D. For good cause, the court may extend such period.

In *State of Louisiana in the Interest of J.M.*, 13-2573, p. 5 (La. 12/9/14), 156 So.3d 1161, 1163, this court reiterated that "[t]he time limits in Article 877 are mandatory and may not be extended absent a showing of good cause." Moreover, "it is incumbent upon the state to make a showing of good cause and obtain an extension *before* the period has run." *Id.* (quoting *State in the Interest of R.D.C., Jr.*, 93-1865 (La. 2/28/94), 632 So.2d 745, 749) (emphasis in original). The state asserted that there was good cause here on day 88 before the 90-day period ran out and the court of appeal previously found the juvenile court acted prematurely in dismissing the petition. We need not now determine whether there was good cause to extend the time limit because the juvenile court's dismissal was premature.

A question remains as to the effect of supervisory review on the time limit. In *State in the Interest of R.D.C, Jr.*, this court noted that "given the importance of the good cause determination, the judge should allow the state latitude to seek

3

expedited appellate review of an adverse ruling. *Id.*, 93-1865, 632 So.2d at 749. In *State in the Interest of J.M.*, this court provided guidance as to the procedure to seek review of a denial of a motion to continue a delinquency adjudication hearing, stating: "The proper procedural remedy for a denial of the motion to continue would [be] to argue that the time limit was suspended, object to the denial for a continuance, notice intent to seek supervisory writs, and request a stay." *State in the Interest of J.M.*, 13-2573, p. 4, 156 So.3d at 1164 (*citing State in the Interest of R.D.C., Jr.*, 93-1865, 632 So.2d at 749). While the state's decision to seek review of a ruling is clearly within its control, the adverse ruling that prompts that decision is beyond the state's control. *Cf. State of Louisiana in the Interest of A.D.*, 12-0258, p. 3 (La. App. 4 Cir. 8/15/12), 98 So.3d 950, 952 ("Waiting on appellate review is a delay beyond the [s]tate's control which impinged on its ability to prepare for and commence the adjudication hearing."). Here, because the juvenile court dismissed the petition, the state could not commence the adjudication without first seeking review and ultimately receiving a favorable ruling. While it would have been a better practice for the state to seek a stay from the juvenile court, or obtaining none from that court, seek a stay from the court of appeal, we find the state's failure to obtain a stay is not fatal under the circumstances. To find the 90-day time limit unsuspended by appellate review would render the appellate review process futile and the court of appeal's initial ruling here purely academic.

Under La.C.Cr.P. art. 922(B), "A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made." While the Children's Code contains a provision authorizing supervisory review, La.Ch.C. art. 338, it contains no provision comparable La.C.Cr.P. art. 922(B) regarding finality. Given the fundamental necessity for rules determining finality of judgments, we proceed, as

4

authorized by La.Ch.C. art. 104(1), in accordance with La.C.Cr.P. art. 922(B). As pointed out by Judge Pettigrew in dissent, the court of appeal's ruling, issued on October 7, 2016, did not become final until October 21, 2016. Therefore, as Judge Pettigrew found, A.C.'s motion to dismiss filed on October 13 was premature.

Accordingly, we reverse the ruling of the court of appeal and remand for further proceedings in the juvenile court consistent with the views expressed here. We further note that the state, through no fault of its own, has been unable to commence the delinquency adjudication hearing while review of this matter was pending, and our ruling also must become final in accordance with La.C.Cr.P. art. 922(B), before the state can proceed. Therefore, the 90-day time limit has not expired yet and the state has a window, albeit a small one, in which to commence the adjudication hearing.

**REVERSED AND REMANDED**

SUPREME COURT OF LOUISIANA

NO. 2016-K-0377

STATE OF LOUISIANA

VERSUS

WOODROW KAREY, JR. A/K/A WOODROW KAREY, II

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
THIRD CIRCUIT, PARISH OF CALCASIEU

**Genovese, J.,** concurs in the result.