# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #012

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **13th day of March, 2018**, are as follows:

**PER CURIAM**:

2017-CK-0281        STATE OF LOUISIANA IN THE INTEREST OF R.M. (Parish of Orleans)

Thus, we find that the time afforded to the state to commence the adjudication was suspended during the time in which R.M.'s competency was in question. Cf. State in the Interest of A.C., 17-0182, p. 4 (La. 6/29/17), 225 So.3d 1047, 1049 ("To find the 90-day time limit unsuspended by appellate review would render the appellate review process futile and the court of appeal's initial ruling here purely academic.").

The state's ability to commence the adjudication ceased on December 8, 2015, when the juvenile court stayed the proceedings pursuant to La.Ch.C. art. 832 pending a determination of R.M.'s competency. At that point, just 15 days from R.M.'s appearance had elapsed. R.M. was not found competent to proceed until March 17, 2016. When the juvenile court granted R.M.'s motion to dismiss 48 days later on May 4, 2016, close to a month of the 90-day period provided by La.Ch.C. art. 877 remained. Therefore, the juvenile court prematurely dismissed the petition. Furthermore, we note that the 90-day period has remained suspended by appellate review. See State in the Interest of A.C., supra. Accordingly, we reverse the rulings of the courts below and remand for further proceedings in the juvenile court consistent with the views expressed here.

REVERSED AND REMANDED.

# SUPREME COURT OF LOUISIANA

## No. 2017-CK-0281

## STATE OF LOUISIANA IN THE INTEREST OF R.M.

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FOURTH CIRCUIT, PARISH OF ORLEANS

**PER CURIAM**

On November 13, 2015, the state filed a petition alleging that R.M. committed the felony-grade delinquent act of possession with intent to distribute a counterfeit controlled dangerous substance, La.R.S. 14:971.1, when R.M. was 15 years old. On November 23, 2015, R.M. appeared to answer the petition and entered a denial of the allegations. Pursuant to La.Ch.C. art. 877(B), the state had 90 days to commence the adjudication, i.e. until February 21, 2016.[1]

On December 4, 2015, R.M. filed a motion to challenge competency. On December 8, 2015, the juvenile court appointed a panel of doctors to evaluate R.M. The court stayed the proceedings pursuant to La.Ch.C. art. 832 and set a

---

[1] Children's Code art. 877 provides:

A. When the child is charged with a crime of violence as defined in R.S. 14:2(B) and the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within sixty days of the appearance to answer the petition. In all other cases, if the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.

B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.

C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.

D. For good cause, the court may extend such period.

competency hearing for January 27, 2016.[2] The court, on its own motion, reset the hearing date several times after R.M. was arrested on a new charge and to give the doctors additional time to evaluate R.M. The court ultimately held the competency hearing on March 17, 2016, and found R.M. competent to proceed based on the doctors' recommendations.

The juvenile court set the adjudication for April 14, 2016, but continued the hearing until May 4, 2016 because the police officers involved in the case were not served. On May 4, 2016, the parties appeared for the adjudication, and the state made an oral motion to continue because the officers still had not been subpoenaed. In response, R.M. made an oral motion to dismiss the delinquency petition. The trial court granted R.M.'s motion, finding that the competency determination had resulted in unreasonable delay not attributable to any fault of the juvenile.

The state sought supervisory review from the court of appeal, which affirmed the juvenile court's dismissal in a split decision. *State in the Interest of R.M.*, 16-0616 (La. App. 4 Cir. 1/11/17), 208 So.3d 966. The majority found that the 90-day time limit to commence the adjudication was extended by the juvenile court once for good cause shown, and thereafter the state did not request or receive an extension. Therefore, the majority found that the time limit in La.Ch.C. art. 877 was exceeded and the juvenile court did not err by granting R.M.'s motion to dismiss. The majority also found, citing *State in the Interest of F.M.*, 12-1442 (La. App. 4 Cir. 6/5/13), 118 So.3d 1232, *writ denied*, 13-1623 (La. 2/14/14), 132 So.3d

---

[2] Children's Code art. 832 provides:

A child's mental incapacity to proceed, as defined by this Title, may be raised at any time by the child, the district attorney, or the court. When the question of the child's mental incapacity to proceed is raised, there shall be no further steps in the delinquency proceeding, except the filing of a delinquency petition, until counsel is appointed and notified in accordance with Article 809(B) and the child is found to have the mental capacity to proceed.

401, that the state was not relieved of its obligation to seek an extension for good cause under La.Ch.C. art. 877(D) although the proceedings were stayed pursuant to La.Ch.C. art. 832.

Judge Ledet dissented, finding that *State in the Interest of F.M.* is distinguishable because, unlike R.M., F.M.'s competency was not called into question until *after* the time limit to commence the delinquency adjudication expired. Judge Ledet noted that La.Ch.C. art. 832 "mandate[s] that no further action be taken in a delinquency proceeding until after the juvenile is found to have the mental capacity to proceed, which shall be determined by the court after a contradictory hearing." *State in the interest of R.M.*, 16-0606, p. 2, 208 So.3d at 970 (Ledet, J., dissenting). Judge Ledet found that the time to commence the delinquency adjudication here had not expired because:

> R.M. filed a motion to challenge competency fifteen days after he answered the petition. On March 17, 2016, after several continuances on the district court's own motions, the contradictory hearing to determine competency was held. R.M. was found competent to proceed. Given that Article 832 specifically mandates the suspension of proceedings until a determination of competency has been made, I would find that the time limit to commence prosecution did not expire.

*State in the interest of R.M.*, 16-0606, p. 2, 208 So.3d at 970–971 (Ledet, J., dissenting) (citations omitted). We agree with Judge Ledet's analysis.

In *State of Louisiana in the Interest of J.M.*, 13-2573, p. 5 (La. 12/9/14), 156 So.3d 1161, this court emphasized the mandatory nature of the time limits established in La.Ch.C. art. 877 and, absent a showing of good cause by the state, the 90-day period cannot be suspended or interrupted. Moreover, this court stated that "it is incumbent upon the state to make a showing of good cause and obtain an extension *before* the period has run." *State in the Interest of R.D.C., Jr.*, 93-1865 (La. 2/28/94), 632 So.2d 745, 749 (emphasis in original).

3

The juvenile argues in essence that the state was still obligated to seek an extension for good cause, pursuant to La.Ch.C. art. 877(D), although R.M.'s competency was placed at issue and the proceedings were stayed pursuant to La.Ch.C. art. 832. The court of appeal agreed and found "that the stay pursuant to article 832 did not relieve the State of its duty to request and obtain a good cause extension before the article 877 mandatory time limit expired." *State in the interest of R.M.*, 16-0616, p. 4, 208 So.3d at 969. This view conflicts with the plain language of Article 832, however, which states (emphasis added), "When the question of the child's mental incapacity to proceed is raised, *there shall be no further steps in the delinquency proceeding . . .* until . . . the child is found to have the mental capacity to proceed." To resolve any tension between La.Ch.C. arts. 877 and 832, the court of appeal cited *State in the interest of F.M.* for the proposition that a stay "cannot serve as a substitute for requesting and obtaining an extension for good cause." *State in the interest of R.M.*, 16-0616, p. 4, 208 So.3d at 969 (quoting *State in the interest of F.M.*, 12-1442, p. 4, 118 So.3d at 1234). When that quote is viewed in its context, however, it is clear that *State in the Interest of F.M.* did not address the situation presented here (as correctly noted by Judge Ledet in her dissent):

> Significantly absent in the record, is evidence that the State requested and received a good cause extension *before the time limit ran. See State in the interest of R.D.C., Jr., supra.* Although a stay was ordered and presumably in place at the time of the dismissal, it cannot serve as a substitute for requesting and obtaining an extension for good cause. Thus, we cannot find that the trial court abused its broad discretion in dismissing the case for failure to timely prosecute.

*State in the interest of F.M.*, 12-1442, p. 4, 118 So.3d at 1234 (footnote omitted) (emphasis added).

In *State in the Interest of R.D.C., Jr.*, 632 So.2d 745, 748 (La. 1994), this court found that "it is incumbent on the state to make a showing of good cause and

4

obtain an extension *before* the period [established in La.Ch.C. art. 877] has run."

Thus, "[i]n the event that a good cause extension is not granted and the period runs

out, the state may not refile its petition." *Id.* In the present case, the time had not

run when the state was prohibited from taking any further action other than that

specified by La.Ch.C. art. 832. The delay occasioned by the necessity of

determining R.M.'s competency is not attributable to the state, and that delay,

which is a direct consequence of La.Ch.C. art. 832 and grounded in the basic

requirements of due process and fairness,[3] is beyond the state's control. Thus, we

find that the time afforded to the state to commence the adjudication was

suspended during the time in which R.M.'s competency was in question. *Cf. State

in the Interest of A.C.*, 17-0182, p. 4 (La. 6/29/17), 225 So.3d 1047, 1049 ("To find

the 90-day time limit unsuspended by appellate review would render the appellate

review process futile and the court of appeal's initial ruling here purely

academic.").

The state's ability to commence the adjudication ceased on December 8,

2015, when the juvenile court stayed the proceedings pursuant to La.Ch.C. art. 832

pending a determination of R.M.'s competency. At that point, just 15 days from

R.M.'s appearance had elapsed. R.M. was not found competent to proceed until

March 17, 2016. When the juvenile court granted R.M.'s motion to dismiss 48

days later on May 4, 2016, close to a month of the 90-day period provided by

La.Ch.C. art. 877 remained. Therefore, the juvenile court prematurely dismissed

the petition. Furthermore, we note that the 90-day period has remained suspended

by appellate review. *See State in the Interest of A.C., supra.* Accordingly, we

reverse the rulings of the courts below and remand for further proceedings in the

---

[3] *See In re Gault*, 387 U.S. 1, 30, 87 S.Ct. 1428, 1436, 18 L.Ed.2d 527 (1967) (stating that "neither the Fourteenth Amendment nor the Bill of Rights is for adults alone").

5

juvenile court consistent with the views expressed here.[4]

**REVERSED AND REMANDED**

---

[4] The court of appeal also erred to the extent it found:

> Due to the judge's illness at the January 27, 2016 hearing date, the court made a single good cause finding to extend the trial deadline. *However, at subsequent hearing dates, the State did not request or receive a good cause extension.* Therefore, any proceeding after February 21, 2016 would violate the time limit mandated under article 877.

*State in the Interest of R.M.*, 16-0616, p. 4, 208 So.3d at 969 (emphasis added). On the contrary, a judgment entered by the juvenile court on April 14, 2016, provides that the court continued the case on its own motion based upon the failure of the clerk's office to issue subpoenas to the police officers involved in the case and reset the trial date for May 4, 2016, specifically finding "good cause to extend Art. 877 trial deadlines" and noting R.M.'s objection.