# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NO. 2020 KJ 0056

## STATE OF LOUISIANA IN THE INTEREST OF N.J.

*Judgment Rendered:* 'JUL 2 4 2020

\* \* \* \* \* \* \* \*

Appealed from the
Juvenile Court for the Parish of East Baton Rouge
State of Louisiana
Case No. 113488

The Honorable Adam J. Haney, Judge Presiding

\* \* \* \* \* \* \* \*

Lakita Leonard
Baton Rouge, Louisiana

Counsel for Appellant
N.J.

Hillar Moore, III
District Attorney
Amanda Gros
Assistant District Attorney
Baton Rouge, Louisiana

Counsel for Appellee
State of Louisiana

\* \* \* \* \* \* \* \*

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

**THERIOT, J.**

The juvenile, N.J., was charged by petition with unauthorized use of a motor vehicle, a violation of La. R.S. 14:68.4.[1] N.J. denied the charge. N.J. then withdrew her denial of the charge and entered an admission to the charge. The juvenile court imposed a term of commitment for two years, suspended the commitment, and placed N.J. on supervised probation for one year. Following a hearing on the matter, the juvenile court ordered N.J. to pay restitution in the amount of $3,229.15. N.J. now appeals, designating three assignments of error. We affirm the adjudication and disposition.

## FACTS

Because N.J. entered an admission to the charge, there was no adjudication hearing to develop the facts. The following testimony was adduced at the restitution hearing. Nan Miller lived in Denham Springs, Louisiana. On January 22, 2019, she was packing her car, a white Toyota, with the belongings of her daughter, who was moving to Gonzales, Louisiana. When Miller and her daughter went inside their house, an unknown person stole the Toyota. Miller indicated that the car was found approximately three days later.[2] The spare tire and tire tools had been taken from the car. According to Miller, all of her daughter's belongings had been taken from the car, which included jackets, jeans, T-shirts, shorts, shoes, boots, a Michael Kors purse, a Dell laptop, pajamas, perfume, yoga pants, sweat suits, a $50 Academy gift card, makeup, underwear, socks, jewelry, sunglasses, scarves, hats, and a blow dryer.

N.J. denied stealing Miller's car. According to N.J., a white woman she did not know gave her a ride in the Toyota in Baton Rouge. When they got to a store,

---

[1] To protect N.J.'s identify as a minor child, we have recaptioned this case and refer to her by her initials. See Uniform Rules-Courts of Appeal, Rule 5-2.

[2] At the restitution hearing, N.J.'s attorney pointed out to the juvenile court that while Miller testified that she got the car back three days later, N.J. was caught in Miller's car in March of 2019.

2

the woman told N.J. that she could use the car for a little while, so N.J. took the car. N.J. indicated she did not take any of the items in the car and that she had been in the car for two to three hours before she was stopped by the police.

## ASSIGNMENT OF ERROR NO. 1

In her first assignment of error, N.J. argues the juvenile court erred in ordering her to pay restitution for items that were reported stolen from Livingston Parish.

N.J. was charged with unauthorized use of a motor vehicle in East Baton Rouge Parish. Nan Miller's car was stolen from her house in Denham Springs, which is located in Livingston Parish. According to N.J., she could not be ordered to pay restitution because the juvenile "court's jurisdiction does not exceed outside of East Baton Rouge Parish."

The foregoing statement is the extent of N.J.'s argument. N.J. cites no authority for this proposition regarding jurisdiction and restitution. It is well established that a court of appeal may consider as abandoned any specification or assignment of error which has not been briefed. **State in Interest of J.M.**, 2013-2573 (La. 12/9/14), 156 So.3d 1161, 1164; see also Uniform Rules-Courts of Appeal, Rule 2-12.4(B)(4) and **State v. Johnson**, 2000-0680 (La. App. 1st Cir. 12/22/00), 775 So.2d 670, 682, writ denied, 2002-1368 (La. 5/30/03), 845 So.2d 1066 (noting defendant's single sentence was not sufficient to be viewed as an attempt to brief the issue on appeal). Moreover, as discussed more fully below, the restitution N.J. was ordered to pay was tied to her having broken the law, which caused loss to Miller, and had nothing to do with the location of the theft. See **State in Interest of D.B.**, 2013-1364 (La. App. 3rd Cir. 4/23/14), 137 So.3d 1282, writ denied, 2014-1092 (La. 1/9/15), 157 So.3d 596.

This assignment of error is without merit.

3

## ASSIGNMENTS OF ERROR NOS. 2 and 3

In these related assignments of error, N.J. argues, respectively, that the juvenile court erred in ordering her to pay restitution because the State failed to prove N.J. stole the vehicle or the items in it; and that the amount of restitution is excessive because N.J. is indigent.

N.J. suggests the only credible documentation provided at the restitution hearing was an estimate for the missing spare tire. The value of the other items, Miller's daughter's belongings, was provided by Miller's testimony with no accompanying receipts or documentation. N.J. points out she never admitted to the theft of the car or the theft of any of the items that were in the car. According to N.J., the juvenile court abused its discretion in imposing restitution without documentation and because the court desired to make the victim whole.

The juvenile court took into consideration the number of items stolen, as well as N.J.'s overall role in the various losses suffered by Miller and her daughter. The cost to replace the stolen spare tire, tools, and jack was $722.15. At the restitution hearing, the juvenile court indicated it had no reason to disbelieve the amounts that Miller provided for the items stolen from her car. The juvenile court also indicated it understood that N.J. had not pled guilty to stealing the car. In ordering restitution in the amount of $3,229.15, the juvenile court found in pertinent part:

> --You know generally I know it's not exactly the same but there is solidary liability for criminal acts and now -- you know there's a question in this case as to whether if you -- you know believe that she did not have a hand in stealing the car would she be [solidarily] liable with the person that did as part of the -- that offense – it's probably an argument. It's a ["no".] So that -- but I think that the prospect of solidary liability is indication that a crime has happened, the victim is un -- we are talking about unjusted [sic] enrichment on part of the defendant but the victim has been [unjustly] deprived -- of the -- their property and the -- idea is that folks that are concern[ed] with a commission of a crime you know is you -- you bear that -- you bear that responsibility -- and so it's -- I definitely -- I see it both ways. I think it's difficult[,] it's a desire to make a victim whole. There's also

4

a desire to hold people accurately responsible for their actions in what they action [sic] in what they actually did -- and so it can be you know -- it can be I think very difficult to make those -- those conclusions -- in this case but I also you know it's -- if there's a default and I -- and if the court is going to use [its] discretion [it's] gonna use its discretion to make whole the person who has been -- who has been wronged[.]

Regarding the court's reliance on the testimonial evidence regarding the value of items, the third circuit in **State v. Johnson**, 2004-1266 (La. App. 3rd Cir. 2/2/05), 893 So.2d 945, 955, stated:

> [T]he trier of fact is to consider the value that the stolen items have to the victim. "Unless it is shown the owner lacks knowledge of the value of a movable, his testimony as to value is generally admissible, with its *weight* being left to the *jury.*" Further, the owner of stolen property may testify regarding the value of the stolen items without the necessity of being qualified as an expert, and such testimony "can constitute ample evidence of the property's value." (citations omitted)

In **D.B.**, 137 So.3d at 1283, the juvenile was adjudicated a delinquent on the charge of unauthorized use of a movable and ordered to pay $750 in restitution to the victim. The victim had tools in his truck that were missing when the truck was returned, and he testified that the value of the missing tools totaled $1,552.73. **Id.** at 1283, 1285. D.B. cited La. Ch. Code art. 897(B)(2)(c), which provided that a condition of probation was the requirement that the child make reasonable restitution to any victim for any personal or property damage caused by the child in the commission of the delinquent act. D.B. argued that $750 in restitution was unreasonable because the charges against him did not allege any theft and there was no allegation that he stole the tools. **Id.** at 1286. The third circuit in **D.B.** found that the order of restitution was reasonably related to D.B.'s rehabilitation and that simple logic and deduction demanded a conclusion that the loss suffered by the victim was caused by the offense committed by D.B. **Id.** at 1288.

In **State in Interest of K.Z.**, 2015-1029 (La. App. 3rd Cir. 3/2/16), 186 So.3d 799, 800-01, writ denied, 2016-0610 (La. 5/2/16), 206 So.3d 881, the juvenile entered an admission to the charge of unauthorized use of a motor vehicle

5

and was ordered to pay restitution to the victim in the amount of $3,200.21. The victim's truck was being used by his son when it was stolen from a friend's house. When the truck was recovered, the tires were blown out, and the body of the truck was damaged. Based on the insurance adjustment, the damage and towing totaled $3,474.92. There were also various items taken from the truck. **Id.** at 801. At the restitution hearing, K.Z. denied damaging the truck or taking the missing items. **Id.** at 802. On appeal, K.Z. noted he was never charged with, nor admitted to, taking the property from the truck. **Id.** at 803. K.Z. also argued that since the victim had not replaced the items stolen, he incurred no out-of-pocket expense for the items. **Id.** at 807. The third circuit found the fact that the victim had not replaced the items at the time of the hearing did not alter the fact that a loss was incurred; it found also that the juvenile court had not abused its discretion in ordering K.Z. to pay restitution for the items taken from the truck. **Id.**

Based on the foregoing jurisprudence, we conclude that the findings herein of the juvenile court were within its vast discretion as to the imposition of restitution. See **K.Z.**, 186 So.3d at 807. While N.J. was not charged with theft of the car, she was still liable for the losses incurred by both Miller and her daughter. It was within the juvenile court's discretion to choose an appropriate amount. See **Johnson**, 893 So.2d at 959-60. Given that requiring N.J. to account for a portion of the reasonable and direct consequences of her crime is an acceptable form of rehabilitation despite her indigence, we find that the restitution amount of $3,229.15 was not an unreasonable burden to place on the now eighteen-year-old N.J. See **K.Z.**, 186 So.3d at 808; **D.B.**, 137 So.3d at 1288-89.

Accordingly, these assignments of error are without merit.

**ADJUDICATION AND DISPOSITION AFFIRMED.**

**STATE OF LOUISIANA**
**COURT OF APPEAL**
**FIRST CIRCUIT**

**2020 KJ 0056**

**STATE OF LOUISIANA IN THE INTEREST OF N.J.**

**McDONALD, J., concurring.**

I agree with the majority's affirmance of the adjudication and disposition in this case, but I will concur because I disagree that N.J. abandoned her first assignment of error by failing to brief it. I do not think her failure to cite to authority equates to an abandonment of or failure to brief the assignment.

On the merits, however, I think N.J.'s first assignment of error must be rejected. The car and its contents were stolen from Livingston Parish. The East Baton Rouge Juvenile Court would not have jurisdiction over the case had the State charged N.J. with theft. But, the charge against N.J. in this case is not theft. Rather, the State charged N.J. with the crime of unauthorized use of a motor vehicle, which occurred in East Baton Rouge Parish. Thus, the East Baton Rouge Juvenile Court had jurisdiction over the case against N.J. for unauthorized use of a motor vehicle in Baton Rouge, and it also had jurisdiction to order N.J. to pay restitution for personal property stolen from the car. *See* La. Ch.C. art. 897B(2)(c) ("As conditions of probation, ... [t]he court may impose ... a requirement that the child make reasonable restitution to any victim for any personal or property damage caused by the child in the commission of the delinquent act.")